We will hear counsel now in Chazin v. Brooks. My name is Michael J. Kelly. I'm court-appointed counsel for Barry Chazin. I'd like to begin by simply noting that the specific remedy we're seeking at this point is simply a remand to the district court for an evidentiary hearing for an expansion of the record on a very narrow issue of whether Mr. Chazin's pro se habeas petition was timely filed. Let me ask about an issue that I think might be a step before that. Assume that we're timely filed. His claim on the merits, if I understand it, is that he was afflicted with the ineffective assistance of counsel because a plea agreement that was offered was never communicated to him. He took a later plea agreement that was not as favorable. Am I right about the fact? But I don't see any argument or anything in the record to indicate that his plea, the one he took, was not knowing and voluntary. In other words, he doesn't say, I wasn't guilty It's an acknowledgement that he's guilty. There's an acceptance of the plea deal, right? That's correct, your honor. Okay. So if all of that is true and he made a voluntary and intelligent decision to plead guilty, even if it's not the deal he wanted, how is he entitled to relief regardless of the timeliness of his appeal? In other words, on the merits, doesn't he lose? No, your honor. I respectfully say no. And may I just, it is not too late. May I say two minutes? I apologize for not asking earlier. Your honor, the claim is ineffective assistance of counsel for defense counsel's fair to advise him of the plea to advise and consult with him and advise him very, in a very competent fashion. Under the facts of this case at the plea offer that he had for eight years was something that he should take. There was no question that his later guilty plea was knowing and intelligent. However, the case law, both in this district, Caruso v. Selinsky, U.S. v. Day, in the Ninth Circuit, the Nunez case, Blaylock, recent decision, which was withdrawn for other reasons, Hoffman v. Arabe, United States v. Carmichael, in the Second Circuit. These are all cases which recognize that a defendant has an absolute right to effective assistance of counsel in connection with the plea agreement. Sure, but we have something that happens later. He takes a plea. Well, let me ask you this. If we is some kind of re-sentencing, right? We couldn't order by habeas corpus, could we? We could not require the Commonwealth of Pennsylvania to give him a specific sentence or a specific deal. Is that within our power? That's debatable, your honor. That's debatable. And that's why we decided to disappoint. In Arabe v. Hoffman, that's what the court did. Could I interrupt? Yes. Judge Jordan's asking you questions about the merits. Yes. Had there ever been a determination of the merits by the district court? No, not in this case. Because the district court said it was on time, right? Yes, your honor. Okay. So can we appropriately, with all due respect to my colleagues, appropriately consider the merits when there's been no record made? That's why I'm using the corpus. Well, you were answering questions that came to the court, respectfully. Yeah. And the question I would put to you, sir, is if we can get to the merits, obviously that would be something we're talking about together when we retire from the bench. But if we think about the merits, what's your argument that you could win on the merits? If he takes the plea, then whether he's timely or not with his petition, how is there any basis for relief? And I think I've got your position. At the United States Court of Appeal, like the Second Circuit, there was a case where a defendant was found, he was not advised to agree to the agreement. He later pled guilty for a less than legal deal. The court ordered specific performance that the commonwealth afford him, the condition of habeas corpus, the commonwealth afford him the opportunity to plead guilty to the earlier plea agreement. But again, it's my understanding that all we need now for the court, in this context, I would like to address the commonwealth. And I guess maybe what we have to do is say we have jurisdiction pursuant to a Certificate of Appealability. Does the Certificate of Appealability raise the issue of the merits? May I address that, Your Honor? Sure, that question's for you. Yes, Your Honor. The commonwealth argued that the Certificate of Appealability was deficient because it only addressed the procedural issue. However, the case law, even the case law cited by the commonwealth, recognizes that so long as there's an underlying substantial shadow on the violation of constitutional right, then the court might have jurisdiction. In addition, in Lambert v. Bradford... Well, that's a very important issue. In other words, this Certificate of Appealability doesn't do that which the statute requires, which is state the specific constitutional issue. Isn't it faulty, therefore, as a matter of law? It is. However, I would submit that the commonwealth has waived any objection to the motion to dismiss. I want to point out that this is a COA that was issued by the district court, not by this court. That's right. So that if the COA wasn't in compliance with the statute, it was the district court that failed to list the specific constitutional issue. And if I may just read a section, a brief portion of Lambert v. Blackwell, it addresses almost exactly this here. That's our court. Yes, your honor. 2004. Here, the district court failed to specify which of the voluminous issues Lambert raised in her habeas petition satisfy the standard for the issuance of a Certificate of Appealability. The district court simply stated that although in a very different context, two federal judges have examined the claims of the petitioner and have reached different outcomes. For that reason, a Certificate of Appealability will be granted. That's according to the district court. Then this court held, in the ordinary course, we would remand to the district court to clarify its order to comply with the specific requirements of 28 U.S.C. 2253 C3, where the parties have fully briefed the issues before bringing to our attention that the Certificate of Appealability was inadequately specific. However, this court has viewed the district certificate as a novelty and construed the petitioner's notice of appeal as a request for us to issue a Certificate of Appeal. So that's what we ask here. Is that what you're asking us to do? Yes, your honor. And there's two debatable issues here. The one debatable is procedural. Did, in fact, is the record sufficient for the district court to affirm the magistrate's finding that it's impossible that this petition was filed timely? But that's not a constitutional issue. That's not, no. And then the underlying constitutional issue is whether in a case where there's when there's ineffective assistance of counsel, and that was found by the superior court as well as by the PCRA court, by trial counsel's failure to advise the defendant of the guilty plea offer, whether you have a situation like that, the defendant is entitled, the petitioner is entitled to pay his relief in some form in the nature of allowing him to have a resentencing hearing with the opportunity to plead guilty to the lesser, to the more favorable plea agreement. And again, I realize there are circuits which say there's no way that should be permissible, but my circuit has held it is definitely a remedy in law and justice for a violation of constitutional right, no injustice as should be reported for habeas. So as we get into the procedural issue, because I guess we can always consider our own jurisdiction, and our own jurisdiction may in part depend on the determination that this was untimely, although I'm not sure that follows, but let's assume that we can. What's wrong with the file, or if something says it was filed on April 19th, then it couldn't have been taken on April 19th. It couldn't have been on April 18th or 17th. Your Honor, first I begin by an analogy. If I write somebody a check date on April 16th, and I give the person the, and I don't give the check to the, to the, another, a later date. I'm sorry, if I give a person, if I post-date a check, if I haven't, if I give a person a check now on the 16th that's post-dated the 18th, and it becomes an issue later, when did that person receive that check? The fact that it's dated the 18th doesn't mean it's impossible that the person received it the 16th. It's very possible that I gave it to them on the 16th and it was post-dated. Let me, let me ask you another question, but let me deviate, if I can, a little bit. We know there's evidence that he presented the cash slips on April 17th. Yes. Did you ever argue that under the doctrine of equitable tolling, we should toll the, which we, which we obviously can do, toll the time so that the giving of the cash slips would be an, a basis under equitable tolling to enlarge the time? No, I did not make that argument. Why not? The argument, well. I mean, it seems to me it's a reasonable argument. It, it was, number one, technically, it was not a part of the Certificate of Appeal. Well, that's true. But secondly. But we can enlarge the Certificate of Appeal. And my main argument was that the cash slips are evidence, that procedure, the cash slips to pay for postage, to pay for fee. And according to the defendant's own, the appellant's own pro se statement in responding to the government's objections on timing this, was that he gave, he gave his whole document, not, to the person, to the official. And that is supported, but, and, and that is supported by something that I didn't get, but my law clerk picked it up. In his reply to the petition for habeas corpus, Mr. Shayson states pro se. Yes. And I'm quoting that he submitted his application for writ of habeas corpus together with to DC 138A, Department of Corrections cash slips to his inmate counselor. And quote, I wanted to ask you about that. And that is the question out of whether giving it to the inmate counselor starts the mail-in process. But then is it disputed that he gave the cash slips, the request for the cash, together with the petition? I mean, I think that would make a big difference. There's no evidence that there's no, nothing has been presented by the Commonwealth to suggest that didn't happen. The, the procedure was that he gave, he states, he gave his document, his habeas petition to his inmate counselor and, and that they then authorized the payment from his account for postage and for the filing fee. And that was the mailing process. Now, what we don't have in the magistrate's report is a finding of, is an expansion of the record of an evidentiary hearing to find out is that in fact, how the procedure was applied, followed in that prison. And I mentioned the gray case in the gray case, talking about the arena prison, where there was a lot of confusion about what really constituted the procedure by which you start the mailing process. By way of other proof, we believe that the mailing process, but there needs to be evidence on the record that the mailing process begins with submitting the document to the inmate counselor, get the postage, and then it's out of the petitioner's hands at that point. Thank you. Your time has run. Thank you very much. We'll hear you on rebuttal. Good morning, your honors. My name is Joshua Goldberg and I represent the Commonwealth of Pennsylvania's official nominal party respondents, the FLEs in this case. I believe that our position is rather straightforward and set forth fairly clearly in our briefing. So I'd like to take just a few minutes to emphasize several of the main points and other than to answer any questions that your honors might have. I'll then be happy to rest in our brief. It was conceded during the argument for the appellant that the guilty plea given was knowing and voluntary, and under Supreme Court case law, that means this case is over. A guilty plea is assailable. You want us to reach the merits. I think the merits all have to be reached to the point of determining whether there is a substantial constitutional issue, because if there isn't a substantial constitutional issue, then the requirements for appealability haven't been met. Well, your friend on the other side just said, as I understood him, that both the Superior Court and the PCRA Court found that there was ineffective assistance of counsel in failing to advise him of the offer. Did the court so find? That's not correct. The PCRA Court ruled in favor of the petitioner, but on appeal, that was reversed by the Superior Court. Oh, okay. Wait, wait, wait. What did the PCRA Court just tell us say? The Superior Court found that... No, the PCRA Court first. I'm sorry. The PCRA Court, rather, found in the petitioner's favor and found that he received ineffective assistance of counsel because the PCRA Court found that he was not at the benefit of his bargain. Okay. That was reversed? That was reversed on appeal. The Superior Court said, well, as to deficient performance, that may be, but as to prejudice, clearly not, because the only evidence in the record about whether the trial judge would have accepted the offer would have been that he would have rejected it during the PCRA hearing. Sounds very familiar, because we have that in another case, but go ahead. During the hearing, the PCRA Court, and the only evidence there is about what the judge would have done with it was... Well, I don't know the answer to this. Is the fact that a trial court, a state trial court, found that there was ineffective assistance of counsel enough to make a substantial constitutional issue for purposes of a COA, not necessarily for purposes of us to decide they were right? I think it is not. As the Supreme Court held in another case, Lockhart v. Fredwell, there's no right to the work of a lawless decision maker, and with respect to the PCRA Court, a decision on this record finding ineffective assistance of counsel would have been quite lawless. It would be completely incompatible with Mabee v. Johnson and with Hill v. Lockhart. But you just told us that the Superior Court said counsel was ineffective, but there was no prejudice. Well, I mean, that sort of begs the question. There is no... There's no constitutional violation. Ineffectiveness consists of both deficient performance and prejudice, and the actual holding of the court was no ineffective assistance because no prejudice. Well, in the end, under Mabee v. Johnson, which you cited, the Supreme Court has said, I think pretty directly, that a voluntary and intelligent plea cannot be collaterally attacked. Is that correct? Correct. So, I understood your position to be that ineffective or not ineffective, with respect to the earlier plea agreement, doesn't make any difference because he took a plea and it was knowing and voluntary. Have I misunderstood you? No, you've not misunderstood Judge Jordan, and I think that to the extent there's any... Because Mabee was a due process case, and then Hill came, I think, one or two Supreme Court terms later, and the court re-emphasized that in the context of a case where you pleaded guilty, but you assert that you get ineffective assistance of counsel in terms of your advice, if there's no argument that otherwise you wouldn't have pleaded guilty, and that otherwise you would have proceeded to trial, that you have no claim of ineffective assistance. And, of course, there's no suggestion here that the petitioner otherwise would have pleaded not guilty, and there couldn't be on this record because it's clear that he knew about the earlier plea when he took it. So, there can't be any suggestion that if he'd known or only gotten better advice, that he would have insisted on going to trial instead. And this all goes to the question of deprivation of a constitutional right. Correct. Okay. Now, if somehow we pass that, and I'm not sure that we can, and go to the issue that is on the COA, could you respond to the fact that he did say in his petition for habeas corpus that he submitted his application for the rent together with the cash slips? Under the prison mailbox rule, it has to be placed in the prison's internal mail system. I know that under the Burns v. Gordon case, which preceded the codification of the prison mailbox rule and the habeas rules, and I think also the federal appellate rules, it suggests that giving it to an appropriate prison official for mailing to the district court on the last day is enough. I think the record refutes any suggestion that it was given to the prison counselor for mailing because otherwise, how could it have been back in his hands? It couldn't have been mailed without the cash slips, though, right? He had to get those forms. I don't know much about habeas corpus. Without suggesting in any way that I think this is an appropriate case for remand as to evidence. Yeah, and it may not be. But it is my understanding that a prisoner can mail, put something in the prison mailbox himself with the cash slips himself, and then at that point, if it's put in the prison and if that were followed, then that would be mailing. But of course, in this case, it was obviously back in his hands two days after the last day of the filing. What do we do with the Pennsylvania Supreme Court decision in Smith v. Pennsylvania Board of Probation and Parole where the court says that the petitioner, in that case it was an of proof and come forward with evidence, has to be afforded the opportunity, such as a cash slip and or an affidavit as to the date he deposited whatever it was with the prison authorities. Now, Mr. Chazen, is that the petitioner? Yes. Mr. Chazen says, I gave it to my counselor, right, my prison counselor. Yes. To get cash slips. Yes. Are you telling us that as a matter of Pennsylvania law, that wouldn't meet the prison mailbox? Well, I think the prison mailbox rule here is the federal rule and the federal habeas rules. And I think that, again, the record refutes whatever purpose he gave or he showed his petition to his prison counselor on the last day, the very last day of the filing. I don't know why it always comes up, but that's why there are cases. Well, of course. But I think it refutes the idea that it was given to him for actual mail into the district court, because why else would it have been back in his hands two days after the last day for filing? Well, he says he post dated it. Or he could have post dated it. Okay. That's, I mean, again, I think that comes back to a question that Judge Jordan had in the context of another recent oral argument. What makes a dispute? Is it just the fact that somebody says, well, this is disputed and I think we need to have a hearing to figure out what the facts are? Or is it, or do you need to be able to say, well, no, I think the facts are in fact not X but Y. You're talking about the O'Garrow case. That's what, that was the case in which the argument was made. Go ahead. But the facts are not X but Y and it's material for this reason. And the suggestion that you post dated your habeas petition because it might not go out in the prison, I've never heard such a thing. I can't imagine why any prisoner would do it. I know that today is April 16th and I don't believe that anybody post dates their tax returns either on the theory that the IRS might not get them. On the other hand, people do post date their checks to April 15th and put them in the mail. That's true, that's true. But in our experience. I mean, I know that from personal experience. But in our experience, we usually see the opposite phenomenon where people predate. Their petitions and then we're left scratching our heads about how it is that something was allegedly mailed on date X but wasn't received and documented by the clerk until a month later. How about the question that I asked Mr. Kelly about relief? As a matter of the law of the Commonwealth of Pennsylvania, if this went back, if we given the plea deal that was allegedly not communicated to him? Absolutely not, it would not require that. And I'll note also in that regard that Chazen has accepted the benefits of the guilty plea, not just the reduced sentence, but also the dismissal of other charges in consideration of his guilty plea. And I don't think there's any proposal by him to give them back. So if it went back, the Commonwealth's position is, okay, you don't like the plea deal you got, you want to go back, then everything's back on the table. I think that's right. And I think even cases like Santabella conclude that the appropriate remedy would be the right to re-plead anew. And it's only in the kind of case where somebody's given some sort of specific performance, like testimony against co-conspirators or something where the opportunity to re-plead couldn't be an adequate remedy or for some reason a trial couldn't be an adequate remedy because somehow the cat has come out of the bag. So indeed, he wouldn't be entitled to any plea deal if he wanted to rescind this. Correct. It could be that the Commonwealth would say, fine, we'll go to trial. Correct. And I know also that the counsel for the Hoffman versus Arabe case in the Ninth Circuit, that was a case in which the Supreme Court actually, and this is a different context, but this was a case in which the person didn't plead guilty but instead went to trial. And he was offered a plea deal for life before trial and got the death penalty at trial. And the Supreme Court itself introduced at the cert stage a question saying what remedy, if any, is appropriate if after, even if you've supposedly gotten effective assistance at the plea stage, if you then went on to have an error-free trial, what remedy, if any, is appropriate? And of course, that issue is not going to be decided in that case because after the Supreme Court added that to the issues on cert, both sides agreed that the issue was going to be re-sentenced for other reasons. So it's not going to be decided. Not that he had capital punishment imposed. That would have made it very moot, too. Well, that's true, of course. And so the issue in that case is moot. But I think that at least on the merits, and I think this goes not just to the merits, but to the substantiality of the constitutional question or lack of it, that any constitutional claim is clearly knocked out by Mabry and Byhill, and unless the court has any further questions. You argued earlier that under the mailbox doctrine, it has to be placed in the prison mail system. Is that correct? Yes, Your Honor. In this case, the prisoner, the facts we have, at least in the petition, because there was no evidence you're hearing, apparently, he gave it to a counselor. Yes. That is a prison official. Yes. Is there any case that says that comes within the prison mail system? Why was it given to a counselor? Do we know? No. I thought it said to get the cash slips so that the counselor could get the prerequisites. I think that's suggested, but I think that, again, the fact that it wasn't signed until two days later indicates that it wasn't given to him for actual mailing to the district court. I think the petitioner's counsel concedes- To just address my question, if you give it to a counselor, does that constitute placing it in the prison mail system? I think not, because even as opposing counsel, I think, necessarily conceded in his brief, he did this for the purpose of taking a step into detentive to mailing. Which was? Requesting postage so you could mail something- That's the catch. They don't get free mailing? I think, actually, prisoners at SCI-Albion get a certain amount of free envelopes and can send a certain number of things for free per month. For an oversized envelope, you may have to fill out a cash voucher, but it's my understanding that you can actually do that contemporaneously with putting your completed paper in a prison mailbox for actual mailing. This is a good question. I'm not sure you've answered Judge Alarcon's question. He says, as I understand it, can you equate giving it to a counselor, presumably to get a cash slip, with putting it in the prison, asking that person to put it in the mailbox? You say, well, he did something on the 19th- I think if ... I mean, there's a question about whether or not the commonwealth prison mailbox rule about handing it to a prison official is in tension with at least with the rule that's now been codified in Rule 3 of the habeas rules. I think it's not necessary to answer for the purposes of this case. But if it were given to him for actual mailing- That's what he said. Well, I mean, that's what's alleged or at least suggested, although I argue that the record refutes that. But- But without a hearing? Well, but I think that it's clear that no hearing is required if the record refutes the allegation. I mean, again, there isn't a requirement that we have a hearing every time somebody says something, even if there's no explanation for how the allegation makes sense in light of, for example, the signature on the 19th. There's no suggestion that he actually signed it on the 17th, but got the date wrong or decided to post-date it. There's a suggestion of that sort, and I see that my time is up. Thank you. Let me ask you something, and I know that somebody else in your office is here, so I see that, too. Could you all somehow get the word to the prisoners that they shouldn't wait till the last day? Because we get a significant number- I mean, it's lawyers, too- significant number of cases where people have waited till the very last day, and then we have to play with these technical issues where we'd much rather get to the merits in some sense. I agree, Judge Slover, and as you indicated, Judge Slover, that is what makes the cases, at least on this issue. Yeah. Well, I think they should be notified somehow. Don't wait till the last day. Tell the counselors to do that. Thank you, Your Honor. Thank you. If I may again, Your Honor, I would like to- We appreciate your accepting the appointment of the court. Thank you, Your Honor. It's my pleasure, believe me. I'm not sure you found it that way. I enjoy public work, Your Honor, so I'll just take what I can get. But I want to rebut Mr. Goldberg's statement that the record doesn't support or that the record rebuts a finding that the petitioner mailed this on time or could not have submitted it to his counselor or somehow got it back after the 17th. The record doesn't say that. This is what this is all about. Well, it does date it, but it did date something April 19th. I think that's what he's referring to. Your Honor, it's a different issue of when he signed it and when it was dated. And the reason I say that is Commonwealth has today, in effect, made an offer, a suggestion of evidence that's not in the record, which is that the system is you get your cash slips and so forth, and then you take it to be mailed. That is not in the record. In the Commonwealth brief, the Commonwealth says that, argued that I, as a public counsel, failed to make an offer of proof of what the petitioner has said. When I wrote the brief, I had not communicated with him because I didn't think I would be appropriate to make an offer of proof. I have since spoken with him, and I could make an offer of proof as to if the court wanted that. Well, if I could get you to answer a question, because I think we take your point, which is this is a circumstance where some hearing would be appropriate because he's not just saying I don't agree with that version of the fact. He's saying, no, there's a different version, and here it is. I understand you. I think we take your point on that. Here's the question I have and would like you to respond to, though. Mr. Goldberg said, in effect, your client, Mr. Chazen, wants to hold on to the benefits of the plea bargain that he's already got while disclaiming the burdens that he got with it, and that if this went back, relief were granted, and it all went back, he wouldn't be entitled to do that. That under the Commonwealth's law, he wouldn't get the plea agreement he got before. He might get no plea agreement at all and end up having to go to trial. Is he wrong about that? He's wrong. In theory, the court can grant conditional habeas belief on the condition that the Commonwealth afford the defendant the same plea offer it previously afforded, which was not made available to him because of ineffective assistance of counsel. A district court judge in this building so held, and that matter is on appeal. And the second circuit held that in Carmichael, Your Honor. Now, indicted in Carmichael, they went on to say it's not necessarily so that the defendant is entitled to specific performance, but he could be. And again, for the CRA purposes, it's just a question of being debatable. If I just made one very basic point. Yeah, because we're running late, and we have a big case after you. With regard to Mabry, Mabry is not controlling in this case at all. Mabry had nothing to do with ineffective assistance of counsel, had nothing to do with the prosecution. When you go through the case law, subsequent to Mabry on this type of issue, Day, Nunez, Blaylock, Carmichael, they don't even mention Mabry. They don't discuss Mabry because it's not relevant. How about Hill? Hill just mentioned that for the proposition that a non-intelligent candidate cannot be challenged on the grounds that, or basically wipes away all appeal issues. That's correct. Thank you very much. We'll take this under advisement, and we'll hear counsel.